IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| KIMBERLY HARRIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:23-cv-02558-SHM-tmp |
| | ) |
| WAL-MART, INC. | ) |
| | ) |
| Defendant. | ) |

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PUNITIVE DAMAGES CLAIM UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

This is common law negligence case. Plaintiff Kimberly Harris sued Wal-Mart, Inc. on July 27, 2023, in the Circuit Court of Shelby County, Tennessee, after slipping and falling in a Wal-Mart parking lot. (ECF No. 1-2 at 4-8.) The case was removed to this court pursuant to 28 U.S.C. § 1441 on September 5, 2023. (ECF No. 1.) Before the Court is Defendant's September 6, 2023 Motion to Dismiss Plaintiff's Punitive Damages Claim. For the following reasons, Defendant's Motion is GRANTED.

I. **Background**

In her complaint, Plaintiff alleges the following. On August 5, 2022, she was leaving a Wal-Mart store in Bartlett, Tennessee, when she slipped and fell on an "unmarked greasy substance" in the parking lot. (ECF No. 1-2 at 5, ¶¶ 4-5.) Defendant had a duty to use reasonable care to maintain safe premises, to discover any

dangerous conditions on its property, and to warn invitees to its property of any such conditions, including by putting up signs or warnings.  (Id. at 5-6, ¶¶ 7-10.)  Defendant was negligent in its attempt to clean the substance from its parking lot.  (Id. at 5, ¶ 5.)  Defendant also "willfully and wantonly failed to make safe and/or warn of the existence of this danger on the premises," although it had "actual knowledge" of the condition.  (Id. at 6, ¶ 10.)

On September 6, 2023, Defendant answered Plaintiff's complaint and moved to dismiss her claim for punitive damages. (ECF Nos. 6, 8.)  Defendant argues that Plaintiff fails to state a claim under Fed. R. Civ. P. 12(b)(6) because Plaintiff's allegations of ordinary negligence fail to meet the high standard necessary to sustain an award of punitive damages, which Tennessee law allows only under the most egregious circumstances.  (ECF No. 8 at 5.)

Plaintiff has not responded to Defendant's Motion.

**II.  Jurisdiction and Choice of Law**

This Court has diversity jurisdiction under 28 U.S.C. § 1332. Defendant, a limited partnership, is a citizen of Delaware and Arkansas.[1]  (ECF No. 1 at 2, ¶ 6.)  Plaintiff is a citizen of Tennessee.  (Id. at 2, ¶ 5; ECF No. 1-2 at 4 ¶ 1.)

---

[1] Defendant Wal-Mart Stores East, L.P., is a Delaware limited partnership with its principal place of business in Bentonville,

Plaintiff seeks damages for "severe and permanent personal injuries," including to her back, neck, leg, and knee; past, present, and future physical pain; and past, present, and future mental and emotional pain. (ECF No. 1-2 at 6-7, ¶ 12.) She requests actual, compensatory, and punitive damages of up to $200,000. (Id. at 7.) Because the parties are citizens of different states and the damages alleged exceed $75,000, the Court has diversity jurisdiction. Rosen v. Chrysler Corp., 205 F.3d 918, 920-21 (6th Cir. 2000) ("In diversity cases, the general rule is that the amount claimed by a plaintiff in his complaint determines the amount in controversy, unless it appears to a legal certainty that the claim is for less than the jurisdictional amount.")

State substantive law applies to state law claims brought in federal court. Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938).

---

Arkansas. (ECF No. 1 at 2, ¶ 6.) For purposes of determining citizenship under 28 U.S.C. § 1332(c)(1), a limited partnership is deemed to be a citizen of every state where its general and limited partners reside. See Hooper v. Wolfe, 396 F.3d 744, 748 (6th Cir. 2005). For purposes of determining citizenship under 28 U.S.C. § 1332(c)(1), a limited liability company is deemed to be a citizen of every state where its members reside. See Delay v. Rosenthal Collins Grp., LLC, 585 F.3d 1003, 1005 (6th Cir. 2009). Because "a member of a limited liability company may itself have multiple members -- and thus may itself have multiple citizenships -- the federal court needs to know the citizenship of each 'sub-member' as well." Id. Defendant has pled facts sufficient to show that all of the partners of Wal-Mart Stores East, LP, as well as all of the corporate entities that are members and "sub-members" of those partners, are citizens of Arkansas or Delaware. (ECF No. 1 at 2, ¶ 6.)

3

Where there is no dispute that a certain state's substantive law applies, the court will not conduct a choice of law analysis sua sponte. See GBJ Corp. v. E. Ohio Paving Co., 139 F.3d 1080, 1085 (6th Cir. 1998). Plaintiff filed the instant suit in Tennessee court, alleging common law negligence claims under state law. (ECF No. 1-2 at 4-8.) Defendant concedes the application of Tennessee law. (ECF No. 8-1 at 2.) The Court will apply Tennessee substantive law.

### III.  Standard of Review

Federal Rule of Civil Procedure 12(b)(6) allows dismissal of a complaint that "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When evaluating a motion to dismiss for failure to state a claim, a court must determine whether the complaint alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible on its face if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

A court must construe the complaint in the light most favorable to the plaintiff and draw all reasonable inferences in her favor. Golf Vill. N., LLC v. City of Powell, 14 F.4th 611, 617 (6th Cir. 2021) (citing Cahoo v. SAS Analytics, Inc., 912 F.3d

4

887, 897 (6th Cir. 2019)). The Court "need not accept as true legal conclusions or unwarranted factual inferences." Id. (internal citations, quotation marks omitted).

**IV. Analysis**

"To prevail on a claim for punitive damages, a plaintiff must show, by clear and convincing evidence, that a defendant acted intentionally, fraudulently, maliciously, or recklessly." Sanford v. Waugh & Co., Inc., 328 S.W.3d 836, 848 (Tenn. 2010). Because punitive damages "are intended to punish a defendant, to deter him from committing acts of a similar nature, and to make a public example of him," they are only available in cases involving "the most egregious of wrongs." Id. at 849 (internal citations, quotation marks omitted); see e.g., McLemore ex rel. McLemore v. Elizabethton Med. Invs., Ltd. P'ship, 389 S.W.3d 764, 771-72 (Tenn. Ct. App. 2012) (upholding award of punitive damages where medical malpractice at a nursing home led to a patient's death); Hatfield v. Allenbrooke Nursing and Rehab. Ctr., LLC, No. W2017-00957-COA-R3-CV, 2018 WL 3740565, at *52-53 (Ct. App. Tenn. Aug. 6, 2018) (upholding punitive damages award where nursing home patients experienced "outrageous lack of care"); Scutt v. McLean, 1987 WL 12047 at *2 (Ct. App. Tenn. June 10, 1987) (upholding a punitive damages award where defendant exhibited "willful and reckless disregard" for public safety by driving while intoxicated).

5

That Plaintiff pleads negligence claims does not preclude her from seeking punitive damages. See Doe 1 ex. rel. Doe 1 v. Roman Catholic Diocese of Nashville, 154 S.W. 3d 22, 38 (Tenn. 2005) (explaining that "recklessness is typically a criterion for determining whether punitive damages are warranted in negligence cases"). However, Plaintiff has failed to plead facts showing that Defendant's behavior went beyond "ordinary negligence" because Defendant was "aware of, but consciously disregarded" a "substantial and unjustifiable" risk. Duran v. Hyundai Motor America, Inc., 271 S.W.3d 178, 206-07 (Court App. Tenn. 2018). Plaintiff has not stated a claim for punitive damages.

Plaintiff's allegations that Defendant breached its "duty to use reasonable care" by "negligently tr[ying] to clear/clean" the substance on which Plaintiff slipped, or to warn of its presence, states a claim for negligence. (ECF No. 1-2 at 5-6, ¶¶ 5, 8-9.) A plaintiff seeking punitive damages must show that a defendant's negligence "reached a substantially higher level than ordinary negligence." Duran, 271 S.W.3d at 206-07. Plaintiff here makes the conclusory allegation that Defendant had "actual knowledge" of the dangerous conditions on its property, but "willfully and wantonly" failed to make the property safe. (ECF No. 1-2 at 5, ¶ 6; 6, ¶ 10). Even construing that allegation in the light most favorable to Plaintiff, Plaintiff shows only that Defendant ignored a known risk. Plaintiff does not demonstrate that

6

Defendant ignored such a "substantial and unjustifiable risk" that its conduct was the "gross deviation from the standard of care" necessary to warrant a claim for punitive damages. Hodges v. S.C. Toof & Co., 833 S.W.2d 896, 901 (Tenn. 1992) (defining the standard for "recklessness" for the purposes of a punitive damages claim).

The allegation that Plaintiff sustained serious injuries, alone, is insufficient to show that Defendant ignored a risk of such magnitude that it committed an egregious breach of the standard of care. Jones v. Wiseman, No. 2:18-cv-02197-SHL-dkv, 2019 WL 4060885, at *5 (W.D. Tenn. May 16, 2019) (rejecting the argument that a jury could find that defendant was reckless simply because its actions caused plaintiff's injury). Because Plaintiff's conclusory allegations that Defendant acted willfully and wantonly do not state a plausible claim for punitive damages, Defendant's Motion is GRANTED.

**V.    Conclusion**

Defendant's Motion to Dismiss Plaintiff's Punitive Damages Claim is GRANTED.

So ordered this 8th day of May, 2024.

*/s/ Samuel H. Mays, Jr.*
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

7